IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00260-MEH

MEDINFO, INC.,

    Plaintiff,

v.

MEDTOOL LLC,

    Defendant.

_____

**ORDER ON MOTION TO DISMISS**
_____

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [filed May 18, 2015; docket #20]. The matter is fully briefed, and the Court held oral argument on May 28, 2015. For the reasons that follow, the Court **grants** the motion.

## BACKGROUND

### I.  Procedural History

Plaintiff Medinfo, Inc. ("Medinfo") initiated this action against Defendant MedTool LLC ("MedTool"), a Michigan corporation, on February 6, 2015, alleging patent infringement of two patents concerning foldable clipboards (that are used by medical professionals). Complaint, docket #1.

MedTool filed the present Motion to Dismiss on May 18, 2015, arguing that MedTool has not conducted general business activities in Colorado, has not engaged in actions directed toward Colorado involving the alleged offending product, and thus is not susceptible to personal jurisdiction in Colorado. Therefore, MedTool argues, the exercise of personal jurisdiction over it in this Court would violate principles of Due Process.

Medinfo contends that it notified MedTool of the alleged infringement in September 2014 and, thus, MedTool has engaged in willful infringement since that time, knowingly doing direct harm to a Colorado corporation. Medinfo believes that such "express aiming constitutes a purposeful availment such that MedTool should reasonably anticipate being subject to personal jurisdiction" in Colorado. Response at 1.[1]

## II. Relevant Facts

Although not alleged in the Complaint, the Court will accept, as true, Medinfo's proffered allegation (made in its Response and at the oral argument) that on September 27, 2014, it informed MedTool that the latter's products were infringing the former's patents. Other facts proffered to this Court and accepted as true for purposes of this Motion, based on the parties' argument in Court and their briefs, are that (1) the only sale ever made by MedTool into Colorado was an order placed pre-litigation by Plaintiff's counsel; (2) MedTool has no offices or employees in Colorado and does not direct any activity toward Colorado other than maintaining a moderately interactive website that may be accessed in Colorado; and (3) Medinfo is a Colorado resident, and MedTool is a Michigan resident.

---

[1] Medinfo also argued in its Response and at the oral argument that MedTool's participation in this litigation is a factor on whether personal jurisdiction is proper. That is not true, especially when the defendant has -- as MedTool here -- raised the jurisdictional issue in a timely fashion. *E.g.*, *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). MedTool raised its motion for lack of personal jurisdiction in compliance with Fed. R. Civ. P. 12(h)(B)(ii) in their Amended Answer filed as a matter of course.

## LEGAL STANDARDS

### I.     Governing Law

As Defendant argues, "Federal Circuit law governs personal jurisdiction determinations in patent cases." *Colida v. LG Electronics, Inc.*, 77 F. App'x 523, 525 (Fed. Cir. 2003) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

### II.    Fed. R. Civ. P. 12(b)(2)

When the Court has not conducted an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *AFTG-TG, LLC v. Nuvoton Tech. Corp.,* 689 F.3d 1358, 1360 (Fed. Cir. 2012). To defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable. *Nuance Comm'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

In a patent case, as with other federal question cases, the federal court must determine (1) "whether a forum state's long-arm statute permits service of process, and [(2)] whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). When, as here, a state's long-arm statute confers the maximum jurisdiction permitted by the Due Process Clauses of the United States and Colorado Constitutions, *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (en banc), the court's "jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008).

## ANALYSIS

Personal jurisdiction may be established by demonstrating one of two types of jurisdictional contacts with the forum state: General jurisdiction and specific jurisdiction.

> General jurisdiction, on one hand, "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive,* 326 F.3d at 1200 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic. *Id.* (citing *Burger King,* 471 U.S. at 472–73, 105 S.Ct. 2174).

*Autogenomics Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Because Medinfo relies only on specific jurisdiction (and, in any event, there are no facts to support general jurisdiction), I will address whether that standard has been met.

Again, quoting from the *Autogenomics* case, *id.* at 1018-19:

> Where a defendant is not subject to general personal jurisdiction in the forum state, a district court may nonetheless exercise specific personal jurisdiction over the defendant subject to a three part test:
>
> (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" under the five-factor test articulated by the Supreme Court in *Burger King*.
>
> *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1363 (Fed.Cir.2006) (quoting *Burger King,* 471 U.S. at 477, 105 S.Ct. 2174). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed,* 249 F.3d at 1360.

In addition, the Supreme Court recently re-articulated the criteria for establishing specific jurisdiction. *See Walden v. Fiore*, -- U.S. --, 134 S. Ct. 1115 (2014). "The inquiry whether a forum

State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* at 1121 (quoting *Keeton*, 465 U.S. at 775). The "defendant's suit-related conduct must create a substantial connection with the forum state," and "the relationship must arise out of contacts that the defendant *himself* creates with the forum State"... with the "minimum contacts analysis look[ing] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.* at 1121-22 (citing *Burger King*, 471 U.S. at 475 and *Int'l Shoe Co. v. State of Wa.*, 326 U.S. 310, 319 (1945)) (emphasis in original).  The "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connections with the forum State" to support the basis for specific jurisdiction.  *Id.* at 1122-23 (citing *Burger King*, 471 U.S. at 478).

**I.      Purposely Directing Activities at Colorado**

I have been presented with absolutely no facts that MedTool has purposely directed activities at Colorado.  Although Medinfo alleges that it informed MedTool in September 2014 that the latter's products infringe the patents of a Colorado corporation, and that the infringement did not stop thereafter, there is no allegation or information that MedTool's conduct changed after that date, at least with regard to its directing activities at Colorado.  Their conduct was the same before and after knowledge of Medinfo's allegations.  I do not believe that mere "knowing" infringement (and, of course, MedTool denies any infringement), equates with purposefully directing activities at the patent holder's place of business.  "Personal jurisdiction does not speak to infringement or validity at all."  *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 774 (Fed. Cir. 2014).  Moreover, as MedTool argues, Supreme Court precedent strongly suggests that intentional infringement does not create personal jurisdiction in the patent holder's forum.  *World-Wide Volkswagen Corp. v.*

5

*Woodson*, 444 U.S. 286, 296 (1980). The present case is very similar to *Oticon, Inc. v. Sebotek Hearing Systems, LLC*, 865 F. Supp.2d 501, 518 (D.N.J. 2011), in which the court found that the plaintiff had established the existence of an intentional tort of willful infringement. This, even in light of the existence of some sales in the forum state, was not sufficient to establish personal jurisdiction over the defendant. Rather, the fact that the defendant had not purposefully aimed its conduct at the forum state was dispositive on the finding of a lack of personal jurisdiction. I believe the same result must prevail here.[2] As an aside, I agree with the case law from this District and other jurisdictions establishing that one sale to the forum jurisdiction, when it is to the patent holder's counsel, along with the alleged patent infringer maintaining an interactive website, cannot suffice for personal jurisdiction. Motion at 6-7.

## CONCLUSION

Medinfo has not met its burden of demonstrating this Court's personal jurisdiction over MedTool. Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [filed May 18, 2015; docket #20] is **GRANTED**. This case is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2).

DATED this 5th day of June, 2015, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty, United States Magistrate Judge

---

[2]There is Ninth Circuit precedent to the contrary. In *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 (9th Cir. 2012), the court determined that willful infringement was sufficient to find that the defendant aimed its conduct at the patent holder's forum. I believe neither the Federal Circuit nor the Supreme Court would agree with this holding, and neither do I.

6